**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**CASE NO. 22-60131-CR-SMITH**

**UNITED STATES OF AMERICA**
**Plaintiff**
**vs.**

**RUBEN DOMINGUEZ ESTRADA**
**Defendant**
                                                        /

### OBJECTIONS TO PRESENTENCE IINVESTIGATION REPORT

The defendant, Ruben Dominguez Estrada by and through undersigned CJA counsel files his objections to the presentence investigation report and as grounds would state as follows:

1.) Page 12, Paragraphs 42- <u>Role Assessment-</u> The PSI applies a four level aggravating role adjustment to the defendant because it considers "Dominguez an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive". The evidence and facts of the case as shown in the discovery do not justify this four level aggravating role enhancement.

As supported by the evidence, Dominguez was basically a shipper or forwarder of packages that contained the hidden drugs. (As reflected in paragraph 85, page 18 of the PSI, Dominguez had been a customs broker in his native Mexico before coming to the U.S.) The drugs were received by Dominguez and forwarded from San Diego by UPS or FedEx, to the Southern District of Florida. Dominguez was not involved in any aspect of importing the drugs from Mexico nor did he have any ownership or monetary interest in

1

the sale or distribution of the drugs in Florida or anywhere else. He was paid a fee for arranging, with UPS and Fed Ex, for the shipments of tabletops that were delivered to him (or directly to UPS stores by couriers ) and then forwarded to the Florida addresses provided by unknown individuals in Mexico whom he never met and communicated with only by phone.

His participation in the conspiracy is further substantiated by the **The Offense Conduct** section of the PSI starting on page 4. The first twenty one paragraphs of this section don't even mention Dominguez in their extensive description of the initial negotiations related to the drug conspiracy investigation. For the first time in paragraph 22, Dominguez's name appears when he speaks by phone with a "UPS store owner to "negotiate the price of shipping tabletops". (The drugs were secreted inside the tabletops).  Of the five indicted codefendants in the present case, Dominguez did not even know four of them in any way and had no communication with them directly or even by phone, as reflected in the PSI offense conduct section.

The first sentence of paragraph 42 further states "Dominguez coordinated with his associates in Mexico to have crystal methamphetamine sent to the United States for sale". Dominguez was <u>not</u> involved in the coordination of the shipments and the importation of the drugs into the United States. This was done by other individuals both in Mexico and in U.S. The drugs were then trucked or driven by "couriers" to the United States. Dominguez would then forward the packages with the hidden drugs, by UPS to the SD of Florida.  Additionally, Dominguez was not involved in the actual sale or intended sale of the drugs. This was handled by other individuals, personally unknown to Dominguez, in their respective locations. (As shown by the numerous intercepted and recorded phone

calls with codefendants and the UCHs working for the government). Dominguez was only given an address to which he was to ship the "tabletops".

The following paragraph, 43, of the PSI states that a codefendant "coordinated with Dominguez and his associates for the receipt of the methamphetamine". As previously noted, Dominguez never knew or coordinated knowingly with anyone other than codefendant Martinez, a fellow Arizonan. Further proof of this can be found in the Statement of Facts (DE 55) the factual proffer filed and signed by the parties at the change of plea. Dominguez is first mentioned on page 5 of the 81/2 page document when he is described as the "shipper" of the parcels by the cooperating owner of the UPS store.

Clearly the defendant was not an organizer or leader in this criminal conspiracy. In discussing the factors the Court should consider in applying an aggravating role of leader or organizer (or also manager or supervisor) to a defendant, we are directed to consult the USSG Commentary for section 3B1.1

In the **Commentary-Application Notes:** to the USSG Section 3B1.1, paragraph 4 it states:

**"Factors the Court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illicit activity, and the degree of control and authority exercised over others."**

Considering these factors one by one there is no evidence to support the organizer or leader aggravating role enhancement for the defendant, Dominguez. First, with regards

to the exercise of decision making authority; the defendant Dominguez had no decision making authority whatsoever. He did not decide where and when the drugs were imported into the U.S nor by whom. He neither came up with the idea nor the method of hiding the drugs within quartz tabletops. He received them in San Diego and was then told, by phone from Mexico, to ship them to a certain name and address to Florida out of San Diego. He was paid for his job of receiving and sending the packages out again on to the next location. This was his participation in the commission of the offense.

There is no evidence he was involved in the recruitment of any accomplices. Even the one codefendant he dealt with and knew was not recruited by the defendant.

Next the defendant did not claim <u>any</u> right to a larger "share of the fruits of the crime". He was not involved in the ownership, the importation, the sale or ultimate destination and distribution of the drugs. He was paid a fee of between two and three hundred dollars for handling the shipment of each package received by him and sending them to the address that was given to him by text or phone message from Mexico. His lack of financial gain is reflected in the **<u>Financial Condition</u>** section of the PSI which speaks for itself.

Finally the defendant also had zero degree of direct control over the others in the conspiracy, both charged and unknown. He certainly had no control or authority to exercise as to when, where and how the drugs were to be imported and where they were to be shipped, other than instructions as to the address as to where the shipment was to be sent and finally he had no authority as to what happened to the drugs after they reached their destination.

2.) Page 16, Paragraph 68- Attorney Ronald Scott Chapman has never represented

the defendant. Undersigned counsel was present during the entirety of the interview at the

Joseph V. Conte, Detention Center in Pompano, where the defendant is incarcerated.


Respectfully Submitted,


s/ Mauricio L. Aldazabal
Mauricio L. Aldazabal
CJA Counsel for Ruben Dominguez
Fl. Bar No. 348368
2655 LeJeune Road Suite 700
Coral Gables, Fl. 33134
Ph. 303 569 9566
Fax. 305 461 5102
mlafedesq@msn.com


## CERTIFICATE OF SERVICE


I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the

Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of

record or pro se parties either via transmissions of Notices of Electronic Filing generated by CM/ECF or in

some other authorized manner for those counsel or parties who are not authorized to receive electronically

Notices of Electronic Filing.


s/ Mauricio L. Aldazabal